**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK & ANDREA NEWTON,<br><br>      Plaintiffs,<br><br>v.<br><br>BRIAN MIZELL,<br><br>      Defendant. | Civ. No. 09-0470 (DRD)<br><br>**O P I N I O N** |

**DEBEVOISE, Senior District Judge**

  Plaintiffs Mark and Andrea Newton seek to bring this action <u>in forma pauperis</u>, purportedly against their landlord, Defendant Brian Mizell, for deprivations of their Constitutional rights under the Fifth and Fourteenth Amendments, along with violations of 42 U.S.C. § 1983. Based on their affidavit of indigence and the absence of three factors which would require dismissal under 28 U.S.C. §1915(g), the court will grant Plaintiffs' application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

  After reviewing the Complaint, it is apparent that the allegations contained therein are directed not toward the Defendant, but rather the Superior Court of New Jersey and the New Jersey Appellate Division ("New Jersey Courts"). Because this court has no

jurisdiction to review the decisions of the New Jersey Courts, Plaintiffs' Complaint will be dismissed.

## I.  BACKGROUND

In their Complaint, Plaintiffs outline a long history of disputes with their landlord, culminating in an eviction action in the New Jersey Courts.  For the purposes of this opinion, those allegations are accepted as true.  Specifically, Plaintiffs contend that their apartment was declared "uninhabitable" and "severely defective" by the Essex County Welfare Agency ("ECWA") in October of 2004, and that such declaration alleviated their obligation to pay rent to the Defendant for the use of the apartment until the defects in the dwelling were cured.  (Compl. ¶¶ 7-8.)

Rather than cure the defects, Plaintiffs allege that Defendant sought to expel them from the apartment, which has remained "uninhabitable" for the duration of the time between the initial ECWA declaration and the present.  See (Id. ¶ 9.)  On February 9, Plaintiffs obtained an injunction from the New Jersey Superior Court prohibiting Defendant from evicting them for non-payment.  (Id. ¶ 13.)  After the apartment was declared "unfit, uninhabitable, and unsafe" by the City of Newark in January of 2008, however, Defendant commenced a second eviction action in the Superior Court of New Jersey.  (Id. ¶ 15.)  That action was subsequently dismissed.  (Id. at ¶ 16.)  In February of that year, Plaintiffs commenced a third action in the Superior Court seeking "relocation assistance," and requesting an order that Defendant repair defects they alleged caused flooding in the apartment's kitchen.  (Id. ¶ 17.)

In relating the history of the third action, Plaintiffs' Complaint outlines various shenanigans undertaken by both Defendant and the presiding judge, culminating in what

they contend was a wrongfully-issued judgment of possession in favor of the Defendant. See (Id. ¶ 23.) Most importantly, Plaintiffs claim that "[s]ince Defendant had not filed a complaint seeking to evict the plaintiffs the trial court was without jurisdiction to enter the judgment for possession of which action were violative of Plaintiffs' civil rights under 42 U.S.C. § 1983 as well as was violative of the due process clause in the Federal Constitution, the Fifth, and Fourteenth Amendments." (Id. ¶ 24 (emphasis and quotations omitted).)

On the basis of that allegation, Plaintiffs appealed to the New Jersey Appellate Division. On October 21, 2008, "the Appellate Division remanded the matter back to the trial judge to provide a 'supplemental opinion' setting forth on what 'jurisdictional basis' were Plaintiffs being evicted." (Id. ¶ 44.) The trial court issued such an opinion, and the case was once again appealed. Apparently unsatisfied with the first supplemental opinion, the Appellate Division on December 3, 2008 again remanded to the trial court, posing two questions: "At the time that the court entered the order for eviction of the Newtons, was there a pending eviction complaint filed under N.J.S.A. 2A:18-16.1, et. seq. by the landlord against the tenants? And if no such complaint was pending, on what jurisdictional basis did the court order Plaintiffs' eviction?" (Id. ¶ 45.)

In its second supplemental opinion, the trial Court stated that Defendant had not filed a complaint seeking eviction, but that it had jurisdiction to grant that relief because an earlier complaint had been filed but was previously stayed as the result of bankruptcy proceedings in which the Defendant was involved. (Id. ¶ 46.) Plaintiffs take issue with that holding, stating that the Court "simply decided to fashion a remedy of which [it] was not lawfully, legally, or jurisdictionally permitted to do, emanating from [its] pure disdain

of the Plaintiffs, and sympathy for Defendants." (Id. at 47.)  The Appellate Division upheld the trial Court's ruling, and on December 17, 2008 remanded the matter for a determination of the appropriate rent.  See (Id. ¶ 49.)

After the trial Court fixed the amount of rent to be paid – an amount which Plaintiffs contend was unreasonably high – the Plaintiffs filed an emergent petition with the Appellate Division requesting that all previous judgments be vacated and the impending eviction be enjoined.  The Appellate Division denied that request on January 28, 2009 (Id. ¶ 90), and Plaintiffs proceeded to file the current action with this court.  Plaintiffs request that the court find that the rulings of the New Jersey Courts violated their Constitutional rights as guaranteed by the Fifth and Fourteenth Amendment, and were issued in contravention of 42 U.S.C. § 1983.  On that basis, they ask that this court enjoin the eviction orders issued by the New Jersey courts.

## II.  DISCUSSION

This Court must dismiss, at the earliest practicable time, in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When deciding whether to do so, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

4

The Supreme Court recently clarified the Rule 12(b)(6) standard in <u>Bell Atlantic Corporation v. Twombly</u>, 127 S.Ct. 1955 (2007).  That case abrogated the rule established in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  In contrast, <u>Bell Atlantic</u>, 127 S.Ct. at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Thus, the assertions in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation."  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008).

It is clear that this case must be dismissed.  The crux of Plaintiffs' claims lies in their allegation that the New Jersey Courts violated the Fifth and Fourteenth Amendments to the United States Constitution by deciding that they could be evicted.  Under the <u>Rooker-Feldman</u> Doctrine, the correction of such an error, if committed, is properly the purview of the Supreme Court of New Jersey, and is outside the jurisdiction of this court.  As stated by the Supreme Court of the United States in one of the two cases giving rise to that rule, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923):

> Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of [a Constitutional character].  To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.

Put differently, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." <u>Lance v. Dennis</u>, 546 U.S. 459, 463 (2006).  Thus, this

5

court is powerless to reverse the rulings of the New Jersey Courts, and the pending action must be dismissed.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiffs' Complaint is dismissed.  The court will enter an order implementing this opinion.

                            **s/ Dickinson R. Debevoise**
                            DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: February 4, 2009